UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC., | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:16-CV-1335 (JCH) |
| v. | : | |
| | : | |
| BRIAN BURR, et al., | : | DECEMBER 28, 2016 |
|     Defendants. | : | |

**RULING RE: PLAINTIFF'S PETITION TO COMPEL ARBITRATION (DOC. NO. 1)**

**I.   INTRODUCTION**

Plaintiff Doctor's Associates, Inc. ("DAI" or "Subway"), the franchiser of Subway sandwich shops in the United States, filed a Petition to Compel Arbitration (Doc. No. 1) against defendants Brian Burr and Bryn Burr (also known as Brynn Burr) (collectively, "the Burrs").  The Burrs entered an arbitration agreement with DAI, as part of two Subway Applications for Additional Information that the Burrs completed.  See Subway Applications for Additional Information (Doc. No. 2-8) at 3, 5.  DAI now seeks to compel arbitration in connection with a lawsuit that the Burrs are pursuing in California state court ("the California Lawsuit").  See Pet. ¶ 16; see also California Compl. (Doc. No. 2-2).[1]  In the California Lawsuit, the Burrs are suing DAI's development agents, Raghu Marwaha and Rohit Marwaha (collectively, "the Marwahas").  See Pet. ¶ 16; California

---

[1] DAI filed this action based on the original California Complaint.  After this action began, the Burrs amended their California Complaint to add claims against DAI.  See California Am. Compl. (on pages 1–17 of Doc. No. 13-1).  DAI is no longer a party to the California Lawsuit, however.  See Response (Doc. No. 13) at 6 n.2.  For simplicity, this court cites to the original California Complaint.

1

Compl. DAI seeks an order "directing the Burrs to arbitrate with DAI their claims against DAI's agents that they asserted or could have asserted in the California State Court Lawsuit." See Pet. ¶ 35.

The Burrs argue that the Petition should be denied for the following reasons: First, the Burrs argue that the California Lawsuit falls outside the scope of the arbitration agreement between the Burrs and DAI. See Response (Doc. No. 13) at 2. Second, the Burrs argue that the Marwahas are required parties whose joinder would destroy diversity jurisdiction. See id. at 2–3. Third, the Burrs argue that the principle of comity dictates that the California court should decide arbitrability. See id. at 2.

For the reasons stated below, DAI's Petition to Compel Arbitration is **granted**.[2]

## II. BACKGROUND

In the fall or winter of 2013, the Morongo Tribal Council approved the Burrs to open and run a new Subway franchise location inside the Morongo Casino Resort & Spa. See California Compl. ¶ 11; Brian Burr Declaration (Doc. No. 13-3) ¶ 3. In December 2013, the Burrs then contacted a Subway regional headquarters regarding the possibility of opening a Subway franchise in the casino. See California Compl. ¶ 12; Brian Burr Decl. ¶ 4.

On December 13, 2013 and January 5, 2014, the Burrs completed and executed

---

[2] The court makes this decision after reviewing all the briefing in this case, including the Burrs' Sur-Reply (Doc. No. 17-1). The court did not find the arguments in the Sur-Reply to be persuasive. The Sur-Reply unsuccessfully attempts to distinguish this case from Doctor's Associates Inc. v. Pahwa, No. 16-cv-446 (D. Conn. Dec. 2, 2016) (Ruling Adopting Recommended Ruling) and Doctor's Associates Inc. v. Tripathi, No. 16-cv-562 (D. Conn. Dec. 2, 2016) (Ruling Adopting Recommended Ruling) by stating that, "[h]ere, while the Burrs entered a franchise application with DAI, the Burrs are not suing DAI. They have sued third-parties." See Sur-Reply at 2. In Pahwa and Tripathi, however, this court compelled arbitration where defendants had sued third parties in addition to DAI. See Doctor's Associates Inc. v. Pahwa, No. 16-cv-446 (D. Conn. Nov. 3, 2016) (Recommended Ruling) at 4; Doctor's Associates Inc. v. Tripathi, No. 16-cv-562 (D. Conn. Nov. 3, 2016) (Recommended Ruling) at 4.

Subway Applications for Additional Information.  See Pet. ¶ 6; Ralph Piselli Declaration (Doc. No. 2-7) ¶ 7; Subway Applications for Additional Information.  In exchange for the Burrs filling out the Applications, DAI agreed to provide the Burrs with information concerning a Subway franchise and to consider the Burrs as potential Subway franchisees.  See Pet. ¶ 6; Piselli Decl. ¶ 7.  The Applications both contain the following arbitration clause:

> I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for the grant of a SUBWAY® franchise from Franchisor, pursuant to the laws of Connecticut, USA and by binding arbitration only.  The arbitration shall be administered by the American Arbitration Association ("AAA") . . . in accordance with its administrative rules including, as applicable, the Commercial Rules of the AAA and under the Expedited Procedures of such rules or under the Optional Rules for Emergency Measures of Protection of the AAA. . . . I agree that the arbitration will be held in Bridgeport, Connecticut, USA, conducted in English and decided by a single arbitrator.

Subway Applications for Additional Information at 3, 5.

DAI was initially poised to approve the Burrs as franchisers of a new Subway location in the casino.  See California Compl. ¶¶ 14–16, 23–26; see also Pet. ¶ 26.  In August 2014, the Burrs learned that the Marwahas had become DAI's new development agents for the area.  See California Compl. ¶ 19; see also Pet. ¶ 24.  As development agents, the Marwahas use an operating company, the Marwaha Group, to operate their development agent business.  See Pet. ¶ 26 n.5; David A. Cousins Second Declaration (Doc. No. 15-1) ¶ 6.  The Marwahas operate the Marwaha Group with one other individual, Ravi Marwaha.  See Response at 4 n.1.  DAI ultimately did not approve the Burrs to run the location.  See California Compl. ¶ 29–30; Pet. ¶ 27.

The California Lawsuit alleges that the reason DAI ultimately did not approve the

3

Burrs was because the Marwahas "caused the Marwaha Group to take steps as the Development Agent to cause Subway to withdraw its acceptance so that [the Marwahas] could steal the franchise for themselves." See California Compl. ¶ 32; Brian Burr Decl. ¶ 26. The California Lawsuit alleges that the Marwahas told the casino's CEO "that they would own the franchise or there would be no franchise." California Compl. ¶ 34; see also Brian Burr Decl. ¶ 28. The Marwahas currently operate the Subway franchise in the casino. See California Compl. ¶ 34; Brian Burr Decl. ¶ 29.

On July 22, 2016, the Burrs filed the California Lawsuit against the Marwahas and several Doe defendants. See California Compl. The California Lawsuit alleges intentional misrepresentation, interference with contractual relations and prospective economic relations, and unfair business practices. See California Compl. Counts 1–5. On August 4, 2016, DAI filed an arbitration against the Burrs for declaratory relief relating to the facts underlying the California Lawsuit. See Arbitration Statement of Claims (Doc. No. 2-6).

### III.   DISCUSSION

#### A.   Diversity Jurisdiction

DAI argues that diversity jurisdiction exists because DAI is a Florida corporation with a principal place of business in Connecticut, the Burrs both live in California, and the amount in controversy is met. See Pet.'s Mem. at 7.

The Burrs respond that the Marwahas are required parties, whose joinder would destroy diversity jurisdiction because they are California residents. See Response at 2–3, 11. This court has recently considered and rejected arguments very similar to the Burr's argument in two cases, Doctor's Associates Inc. v. Pahwa, No. 16-cv-446 (D.

Conn. Dec. 2, 2016) (Ruling Adopting Recommended Ruling) and Doctor's Associates Inc. v. Tripathi, No. 16-cv-562 (D. Conn. Dec. 2, 2016) (Ruling Adopting Recommended Ruling).

In Pahwa and Tripathi, the defendants also argued that DAI's development agents were required parties to an action to compel arbitration. See Doctor's Associates Inc. v. Pahwa, No. 16-cv-446 (D. Conn. Nov. 3, 2016) (Recommended Ruling) at 8; Doctor's Associates Inc. v. Tripathi, No. 16-cv-562 (D. Conn. Nov. 3, 2016) (Recommended Ruling) at 11. In those cases, as here, joinder was not "feasible," because joining the development agents would destroy subject matter jurisdiction. See Pahwa Rec. Ruling at 13; Tripathi Rec. Ruling at 17. Where joinder is not feasible, the court applies Federal Rule of Civil Procedure 19(b) to determine whether the case should proceed without the absent party, or be dismissed. See Pahwa Rec. Ruling at 13; Tripathi Rec. Ruling at 17; Fed. R. Civ. P. 19(b). However, Rule 19(b) does not require dismissal for inability to join "individuals who are not parties to the arbitration agreement . . . if they do not meet either of the threshold tests of Rule 19(a)." Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 446 (2d Cir. 1995); Pahwa Rec. Ruling at 13–14; Tripathi Rec. Ruling at 17.

The applicable threshold tests are (1) whether, "in that person's absence, the court cannot accord complete relief among existing parties," and (2) whether, "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations

5

because of the interest." Fed. R. Civ. P. 19(a)(1). Applying these tests, the Second Circuit held in <u>Distajo</u>, and this court held in <u>Pahwa</u> and <u>Tripathi</u>, that DAI's development argents are not required parties to a federal action to compel arbitration, where the development agents are not parties to the underlying arbitration agreement. <u>See</u> <u>Distajo</u>, 66 F. 3d at 445–46; <u>Pahwa</u> Rec. Ruling at 14–16; <u>Tripathi</u> Rec. Ruling at 18–20.

Based on the reasoning in <u>Distajo</u>, <u>Pahwa</u>, and <u>Tripathi</u>, this court similarly concludes that the Marwahas are not required parties under Rule 19. Complete diversity thus exists, and this court has subject matter jurisdiction.

    B.    <u>Comity</u>

The Burrs argue that the principle of comity dictates that the California court should decide arbitrability. <u>See</u> Response at 2. The Burrs point out that the California Lawsuit was filed first and state that the Marwahas may file a motion to compel arbitration in the California Lawsuit if they believe that the dispute between them and the Burrs is subject to arbitration. <u>See id.</u> at 13. The Burrs cite section 1281.2 of the California Code of Civil Procedure for authority that the Marwahas may move to compel arbitration. <u>See id.</u> at 13. As the Burrs have stated, however, the Marwahas are not parties to the arbitration agreements between the Burrs and DAI. <u>See id.</u> at 2; Subway Applications for Additional Information. Section 1281.2 explicitly applies to a "petition of a party to an arbitration agreement." Cal. Civ. Proc. Code § 1281.2. The Burrs offer no reason to believe the Marwahas, as non-parties to the arbitration agreement, could compel arbitration in the California action. The Burrs thus fail to explain how the question of arbitrability could come before the California court.

The Burrs quote Employers Ins. of Wausau v. Fox Entm't, 522 F.3d 271, 274–75 (2d Cir. 2008), for the proposition that, "as a general rule, where there are two competing lawsuits, the first suit should have priority."  Response at 13–14.  This first-filed rule, however, applies only to competing federal lawsuits, rather than to a state lawsuit competing with a federal lawsuit.  See Kytel Int'l Grp., Inc. v. Rent A Ctr., Inc., 43 F. App'x 420, 422 (2d Cir. 2002) ("The first filed rule, a change of venue principle, permits the transfer or dismissal of subsequently commenced litigation involving the same parties and the same issues when both suits are pending in federal courts.  Because [the other] action is in state court, it was error for the District Court to dismiss on the basis of the first filed rule."); Hon Hai Precision Indus. Co. v. Wi-LAN, Inc., No. 12-CIV.-7900 (SAS), 2013 WL 2322675, at *5 n.58 (S.D.N.Y. May 28, 2013) ("[T]he first-filed rule does not apply in cases of parallel state and federal proceedings.").  When it comes to parallel state and federal proceedings, "[b]ecause federal courts have a virtually unflagging obligation to exercise the jurisdiction given them[,] the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."  Hon Hai, 2013 WL 2322675, at *5 (internal quotation marks and ellipses omitted) (quoting Kytel, 43 F. App'x at 422).  Therefore, the first-filed rule is inapplicable here.

The court concludes that principles of comity do not require that the California state court decide arbitratability and do not preclude this court from ruling on the Petition to Compel Arbitration.

    C.        Applicability of Arbitration Agreement

DAI argues that "[t]he Burrs must arbitrate their claims with DAI because the

7

controversy arises out of or relates to the Burrs' 'application or candidacy for the grant of a SUBWAY® franchise from Franchisor.'" Pet.'s Mem. (Doc. No. 2) at 7.  The Burrs respond that the California Lawsuit falls outside the scope of the arbitration agreement because it only states claims against the Marwahas, and (1) the Marwahas are not parties to the arbitration agreement, (2) the Marwahas were not acting in their capacity as agents of DAI when they committed the actions alleged, and (3) the Burrs never agreed to arbitrate the claims that they have against the Marwahas.  See Response at 2, 6.

The court agrees with DAI that the California Lawsuit "aris[es] out of or relat[es] to [the Burrs'] application or candidacy for the grant of a SUBWAY® franchise from [DAI]."  See Subway Applications for Additional Information at 3, 5.  The California Complaint alleges that the Marwahas stole from the Burrs the opportunity to run a Subway franchise.  See, e.g., California Compl. ¶ 32.  The Burrs allege a cause of action against the Marwahas for misrepresenting whether the franchise application was approved.  See id. ¶¶ 36–37.  The Burrs allege a cause of action for interference with "a contract between [the Burrs] and Subway, in which Subway agreed to sell [the Burrs] a franchise."  Id. ¶ 45.  The Burrs allege a cause of action for interference with prospective economic relations between the Burrs and DAI, which were based on the Burrs' franchise application.  See id. ¶ 55.  This alleged interference included allegedly misrepresenting the Burrs as unqualified candidates for a franchise.  See id. ¶ 55.  Each of these aspects of the California Lawsuit arises squarely out of the Burrs' application or candidacy for a Subway franchise.

The argument that the Marwahas are not parties to the arbitration agreement is

unavailing.  The arbitration clause does not specify that the Burrs need only arbitrate claims that are against a party to the arbitration agreement.  See Subway Applications for Additional Information at 3, 5.  To the contrary, the clause contains a broad reference to all claims "arising out of or relating to [the Burrs'] application or candidacy for the grant of a SUBWAY® franchise from Franchisor," which, on its face, could encompass claims against nonparties to the agreement.  Id. at 3, 5.  Furthermore, courts in this Circuit have repeatedly held that a "court will not permit plaintiffs to avoid arbitration simply by naming individual agents of the party to the arbitration clause and suing them in their individual capacity."  Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Konvalinka, No. 10 CIV. 9355 (AKH), 2011 WL 13070859, at *3 (S.D.N.Y. Mar. 17, 2011); Doctor's Assocs., Inc. v. Hollingsworth, 949 F. Supp. 77, 83 (D. Conn. 1996); Mosca v. Doctors Assocs., Inc., 852 F. Supp. 152, 155 (E.D.N.Y. 1993).  "To do so would be to subvert the federal policy favoring arbitration and the specific arbitration clause in the instant case."  Hollingsworth, 949 F. Supp. at 83; Mosca, 852 F. Supp. at 155.

The Burrs argue that, "[i]n order for a claim against a nonsignatory to fall within the scope of an arbitration provision, the agency 'relationship between the signatory and nonsignatory' must be 'sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided.'"  Response at 10 (quoting MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir. 1999)).  The Burrs misapply MS Dealer.  MS Dealer held that the existence of a sufficiently close relationship operated as an exception to the general rule that only parties to an agreement can compel arbitration.  See 177 F.3d at

947.  There is no question in this case, however, of whether a nonparty can compel arbitration.  Here, the party seeking to compel arbitration, DAI, is a party to the Subway Applications for Additional Information.  See Piselli Decl. ¶ 7 ("In consideration for the agreements set forth in the Application, DAI agreed to consider the Burrs as potential SUBWAY® franchisees and to provide them with additional information concerning the franchise.").  MS Dealer did not address a case like that at bar, in which a party to an agreement seeks to compel arbitration of claims that other parties to the agreement have asserted against nonparties.

The Burrs argue unconvincingly that the Marwahas were not acting in their capacity as agents of DAI when they committed the actions alleged.  See Response at 2.  This argument is belied by the fact that the California Complaint alleges that the Marwahas "caused the Marwaha group," which the Marwahas run with one other individual, "to take steps as the Development Agent to cause Subway to withdraw its acceptance" of the Burrs' application.  See California Compl. ¶ 32 (emphasis added).  The Petition asserts that, "the gravamen of the Burrs' California Complaint is that: (1) they should have been approved as SUBWAY® franchisees, and; (2) that a particular site for a SUBWAY® franchise should have been awarded to them.  Under these circumstances, the Marwahas' only ability to affect or influence that process would be in their role as SUBWAY® Development Agents."  Pet. ¶ 30.  The court agrees.

The Burrs cite a Northern District of Texas case, Celanese Corp. v. Boc Grp. PLC, No. CIV. A. 3:06-CV-1462-P, 2006 WL 3513633 (N.D. Tex. Dec. 6, 2006), for the proposition that, because the California Lawsuit alleges that the Marwahas engaged in tortious conduct "separate and distinct" from DAI's "conduct, this Court cannot compel

the Burrs to arbitrate their claims under the theory that they were acting as agents of DAI." See Response at 10–11. This line of argument is misguided. As a preliminary matter, the court does not agree that the allegations against the Marwahas are separate from DAI's conduct. The main thrust of the California Lawsuit is that the Marwahas led DAI to withdraw its acceptance of the Burrs' application. As an entity made up of individuals, DAI's decision-making is necessarily comprised of the conduct of individuals who lead DAI to make that decision. Furthermore, DAI has stipulated that the Marwahas were acting within "the scope of their agency for DAI in their dealings with the Burrs." Pet. ¶ 30 n.7. Second, Celanese is not on point: The arbitration clause in Celanese was explicitly limited to disputes "'between the Parties'" to the arbitration clause. See 2006 WL 3513633 at *1 (quoting arbitration clause), *7 (basing decision in part on "the plain language of the contract which states that only disputes between the parties to the arbitration clause shall be arbitrated").[3] Here, however, the arbitration clause applies broadly to claims on a certain topic, regardless of whom the claims are between.

The Burrs' argument that they never agreed to arbitrate claims that are against the Marwahas is inaccurate. See Response at 6. The Burrs broadly agreed to arbitrate "all" claims related to their franchise application, without specification as to whom those

---

[3] Furthermore, in Celanese, the party seeking to compel arbitration, while a signatory to the contract, was not defined as a "Party" to the arbitration clause, see id. at *2, *7, and both parties against whom arbitration was sought were nonsignatories to the contract—although one was defined as a "Party" to the arbitration clause, see id. at *2. Here, however, both the party seeking to compel arbitration, DAI, and the parties against whom arbitration is sought, the Burrs, are parties to the Applications for Additional Information and its arbitration clause.

claims might be against.  See Subway Applications for Additional Information at 3, 5.[4]

The court thus concludes that the arbitration agreement applies to the claims asserted in the California Lawsuit.

## IV. CONCLUSION

For the reasons set forth herein, the Petition to Compel Arbitration (Doc. No. 1) is **GRANTED**.  The case is closed.

**SO ORDERED.**

Dated at New Haven, Connecticut this 28th day of December, 2016.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[4] This court notes that DAI does not seek to compel the Burrs to arbitrate with the Marwahas. See Pet. ¶ 35.  Rather, DAI seeks to compel "the Burrs to arbitrate with DAI their claims against" the Marwahas.  Id. ¶ 35.